HAMILTON A. GORDON *et al. vs.* ROBERT J. QUINN *et al.*

MAY 23, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Taxes.   Expenses of Levy and Sale.*

In the absence of statutory provision, fixing the amount of his compensation a collector of taxes would be entitled to include as expenses, in the sale of real estate under tax levy, a reasonable charge for the performance of such duties as the law imposes upon him, and also the sums necessarily paid out by him in connection with the levy upon and the sale of the real estate.

*(2)  Taxes.  Expenses of Levy and Sale.*

In the sale of real estate under a tax levy, the expenses of the collector should be separately stated.

*(3)  Taxes.  Expenses of Levy and Sale.*

As a collector cannot assume in the sale of a number of lots taxed to the same person that they will be bought by the same purchaser, and as the statute requires that each lot shall be assessed separately it was not improper for the collector to include a charge for drawing a deed to each lot, since in making the sale he was obliged to state the total of his charges against the lot, or to such part thereof as it would be necessary to sell.

*(4)  Taxes.  Expenses of Levy and Sale.*

In the sale of property for unpaid taxes charges by a collector of one dollar for levy upon the property; and of one dollar for preparing the advertisement, a portion being authorized by statute and the balance appearing reasonable, are not excessive.

*(5)  Taxes.  Expenses of Levy and Sale.*

While better practice would require tax collectors to itemize their charges and to charge against each parcel of land sold a fairly proportionate part of the sums actually paid for the advertisement which includes all the parcels to be sold, rather than charge the arbitrary sum of one dollar for each parcel for advertising, yet where there is no evidence as to the exact cost of the advertising, the court cannot treat the sum charged as excessive.

BILL IN EQUITY to remove cloud on title. · Heard on appeal of respondents and appeal sustained and decree of Superior Court reversed.

PER CURIAM.    This is a bill in equity to remove a cloud upon the complainants' title to certain land.

It appears that the complainants were the owners of thirty-eight houselots upon a certain plat in the town of Warwick.   The value of each of said lots was small; and the tax assessed against each of said lots on December 14 1914, was very small.   The complainants are nonresident, heirs at law of a former owner, and appear to have been unaware of their ownership of said lots at the time said tax was due and payable.   Said tax was not paid upon said lots, and for such nonpayment the lots were sold at public auction by the tax collector of the town of Warwick to the respondent Robert J. Quinn.   At such auction sale it was necessary to sell the whole of each lot in order to pay the

tax, interest, costs and expenses charged against such lot. A separate deed for each lot was delivered by the tax collector to said Robert J. Quinn.

After hearing in the Superior Court a final decree was entered adjudging said tax sale to be illegal, that said deeds purporting to convey title to said land constituted a cloud upon the title of the complainants, and were illegal and void. The decree ordered that said deeds be cancelled.

The case is before us upon the respondents' appeal from said decree. Section 12, Chapter 60, General Laws, 1909, provides for the sale of real estate for nonpayment of taxes and is as follows: "In all cases where any parcel of real estate is liable for payment of taxes, so much thereof as is necessary to pay the tax, interest, costs and expenses, shall be sold by the collector, at public auction, to the highest bidder, after notice has been given of the levy, and of the time and place of sale, in some newspaper published in the town, if there be one, and if there be no newspaper published in the town, then in some newspaper published in the county, at least once a week for the space of three weeks, and the collector shall also post up notices in two or more public places in the town for the same period." Under said section the tax collector is authorized to sell so much of any parcel of land as is necessary to pay the tax in arrears upon such parcel together with the interest upon the tax and the collector's legal costs and expenses.

The contention of the complainants is that the tax sales now in question are void for that the tax collector sought to obtain at such sale certain illegal and excessive amounts for expenses and hence in disregard of the provisions of the statute he sold more of each of said parcels than was necessary.

Beside the tax and interest, the amount of costs and expenses to recover which the collector sold each lot was as follows: levy $1, advertising $1, preparing advertisement $1, examining title, drawing deed, auctioneer's fees, etc., $4; a total of $7.

(1)    In the absence of statutory provision, fixing the amount of his compensation, the collector would be entitled to include as expenses a reasonable charge for the performance of such duties as the law imposes upon him, and also the sums necessarily paid out by him in connection with the levy upon and the sale of the real estate for unpaid taxes.

(2)    With regard to the last item of $4, among the expenses claimed by the collector, there is no evidence tending to show that the charge is excessive for the matters included, and it does not appear to us to be so.   We think however that the collector should have specified his charge for each of the expenses included therein.   It does appear in evidence that his charge for drawing the deed was $2 and the complainants contend that this charge was illegal, because all of the thirty-eight lots of the complainants were sold to the same purchaser and the collector should have made one deed for the whole and not thirty-eight separate deeds. This objection of the complainants overlooks the require-

(3)    ment of the law that each parcel shall be assessed separately. The collector in order to recover the tax, interest and expenses upon a lot was obliged to sell such lot or so much thereof as was necessary, and in making the sale he was obliged to state the total of his charges against the lot, in order that a purchaser might determine what part of the lot he would be willing to take for the amount of the tax, interest and expenses.   As the collector could not assume before the sale of a lot, that such lot would be sold to the same person who purchased the other thirty-seven, the collector was obliged to include in the expenses chargeable against such lot a charge for drawing his deed to the lot or to such part thereof as it would be necessary to sell.   We do not regard this objection of the complainants as valid.

(4)    The only statutory provision fixing the amount of a tax collector's fees and regulating his charges for expenses in connection with the levy upon and sale of property for unpaid taxes is contained in Section 4, Chapter 62, General Laws, 1909, which, among other things, provides "in case

of distraint of personal property, or levy on land, the collector shall have the same fees as sheriffs have in similar cases." Under Section 11, Chapter 364, General Laws 1909, a sheriff is allowed a fee of fifty cents for serving an execution by levy on real estate, and a fee of one dollar for advertising real estate to be sold at auction.

It appears that it is the custom throughout the State for city treasurers and tax collectors to make a charge of one dollar for levy upon property for unpaid taxes. Fifty cents of this charge is warranted by statute for the entry of the levy in the levy book. We do not believe that the remainder of the charge is made with the intent of extortion or without a definite legitimate purpose. After the levy the law requires the collector to give notice of the same by preparing and posting in three public places in the town a notice of the levy and of the time and place of sale. This is a service for which the collector or city treasurer is entitled to compensation. We cannot say that fifty cents is an excessive charge for this service. As the collector does not make the charge as a separate item in his list of expenses, we think it probable that the custom has grown up among tax collectors of making a charge of one dollar for levy which includes the charge of fifty cents for the public notices of the levy. We should regard it as much the better practice for tax collectors to itemize their charges. This appears to us to be a reasonable explanation of the charge of one dollar for levy made by tax collectors throughout the State. The attorney for the tax collector in this case however while testifying as a witness in regard to these charges for expenses does not make this explanation but treats the matter of posting notices as included under another item of expense, where it clearly does not belong.

In regard to the charge for advertising it appears that it is the custom for tax collectors to publish in one advertisement the sale of all parcels of land to be sold on the same day for taxes in arrears. In our opinion in such circumstances a collector should charge against each parcel sold a

fairly proportionate part of the sums actually paid to the newspaper publisher for the advertisement which includes notice of the sale of such parcel. It appears that the notice of the sale of the thirty-eight lots in question was included in an advertisement giving notice of the sale of a number of other parcels of land. There is no testimony before us from which we can positively determine the amount paid by the collector for the newspaper advertisement which included notice of the sale of these houselots. Counsel for the complainants in his brief and argument before us treats it as established that such payment was $97.20. Such was not the fact. In the examination of a witness counsel for the complainants assumed that the amount so paid was $97.20 and treated that sum merely as an assumption used in such examination. The most that we can say in the matter is that we might conjecture, if it were permissible for us to do so, that of the newspaper bill some cents, slightly less than one dollar, rather than one dollar, should have been charged against each of said lots.

The fee of one dollar for preparing the advertisement of sale is warranted by statute.

We may fairly say that the complainants have failed to establish that the sum of the collector's charges against each of said lots is excessive.

Respondents' appeal is sustained, the decree appealed from is reversed, the cause is remanded to the Superior Court with direction to enter a decree dismissing the bill.

*Alfred G. Chaffee*, for complainants.

*Quinn & Kernan*, for respondents.